United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50157

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENCIO GALVAN-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------

Before GARWOOD and JONES, Circuit Judges, and ZAINEY, District
Judge[*]

ZAINEY, District Judge:

Florencio Galvan-Torres ("Galvan") appeals the district

court's denial of his motion to suppress after conditionally

pleading guilty to transporting illegal aliens.  Galvan argues

that Agent Upton did not have reasonable suspicion of criminal

activity sufficient to order the stop of his vehicle.  Buried in

the midst of his argument in that respect, Galvan also briefly

asserts in passing that the reasonable suspicion standard should

not be used in this case because he was immediately arrested, not

merely stopped by a Border Patrol agent.  Galvan, however, does

_____

[*] District Judge of the Eastern District of Louisiana,
sitting by designation.

not cite to any authority indicating that a different standard should be used, does not indicate what standard should be used, and spends the rest of his brief arguing that reasonable suspicion was not present.  As this argument is not adequately briefed, the court will not consider it.  See FED. R. APP. P. 28(a)(9); see also United States v. Gourley, 168 F.3d 165, 172-73 (5th Cir. 1999).

"In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error, and its legal conclusions, including whether there was a reasonable suspicion for a stop, are reviewed de novo." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002).  A factual finding is not clearly erroneous if it is plausible in light of the record as a whole.  Id.  The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party. Id.

The Fourth Amendment permits a Border Patrol agent conducting a roving patrol to stop a vehicle for purposes of a temporary investigation "if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot."  United States v. Arvizu, 534 U.S. 266, 273 (5th Cir. 2002) (internal quotation marks and citation omitted).  Reviewing courts must look to "the totality of the circumstances of each case to see whether the detaining officer has a particularized

and objective basis for suspecting legal wrongdoing." Id. at 273. We have set forth factors that "may be" considered in the "fact-intensive" reasonable suspicion analysis, which "weigh[s] not the individual layers, but the laminated total" of all circumstances. Jacquinot, 258 F.3d at 427. These factors include:

> (1) proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) agent's previous experience in detecting illegal activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking in aliens or narcotics in the area; and (8) the number, appearance, and behavior of the passengers.

Id. at 427. "No single fact is determinative" of the outcome of a reasonable suspicion analysis. United States v. Guerrero-Barajas, 240 F.3d 428, 433 (5th Cir. 2001).

The totality of the circumstances in this case shows that Agent Upton did have a reasonable suspicion that Galvan's vehicle was involved in criminal activity. Agent Upton first encountered Galvan's vehicle within 50 miles of the Mexican border. See Jacquinot, 258 F.3d at 428. Galvan was driving in close proximity to a pickup on a sparsely traveled road with a reputation as a smuggling route between midnight and 1:00 a.m. See id.; United States v. Villalobos, 161 F.3d 285, 290 (5th Cir. 1998). After encountering Galvan's vehicle, Agent Upton turned around and found the pickup abandoned on the side of the road

with its occupants fleeing and Galvan's vehicle nowhere in sight, leading Agent Upton to surmise that Galvan's vehicle had sped away.  See Arvizu, 534 U.S. 273-74 (citation omitted) (inferences and deductions of law enforcement officers should be given weight); Jacquinot, 258 F.3d at 427.

Galvan's argument that traveling near the border, traveling in a high crime area, and traveling in close proximity to another vehicle on a rarely traveled road are insufficient, by themselves, to establish reasonable suspicion is a reformulation of the "factors in isolation" argument which the Supreme Court rejected and is without merit.  See Arvizu, 534 U.S. at 274.  Contrary to Galvan's assertion, United States v. Rodriguez-Rivas, 151 F.3d 377 (5th Cir. 1998), is easily distinguishable from the case at bar.  In Rodriguez-Rivas, 151 F.3d at 380, unlike the present case, the vehicle in question was more than 50 miles from the border, a factor we have considered "vital."  Jacquinot, 258 F.3d at 428.  Further, the Rivas court did not mention the time of day at which the stop occurred.  However, the evidence in Galvan's case shows that it was very unusual to see a car--much less two apparently traveling together--on this road at 1:00 a.m.  The court will not consider Galvan's argument that the pickup could not have been following his vehicle as closely as Agent Upton testified because that contention is based upon facts not found in the record.  See United States v. Valdes, 545 F.2d 957, 959 (5th Cir. 1977).

In sum, the totality of the circumstances show that Agent Upton had a reasonable suspicion of criminal activity sufficient to order the stop of Galvan's vehicle.  See Villalobos, 161 F.3d at 291-92.  Accordingly, the district court did not err in denying Galvan's motion to suppress.

AFFIRMED.