United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-40495
Summary Calendar
_____

United States of America,

Plaintiff - Appellee,

versus

Ivan Delgado,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Laredo
District Court No. L-02-1569

_____

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Ivan Delgado was convicted on March 31, 2002, of possessing with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B). Delgado appeals his conviction, arguing that the district court erred by denying his motion to suppress evidence. For the reasons set forth below, we AFFIRM Mr. Delgado's conviction.

**Factual Background**

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

At approximately 4:39 a.m. on October 31, 2002, agents at the United States Border Patrol Stations in Hebbronville and Freer, Texas were alerted that vehicular sensors had been activated on a lightly traveled ranch road between the two stations.[2] The sensors indicated that the vehicle was traveling east toward the "T" junction of the ranch road and Farm to Market Road 2050 (FM 2050). Border Patrol Agent Ruben Reyes from the Hebbronville station responded to the alert by driving north on FM 2050 and stopping south of where a vehicle traveling on the ranch road would exit, while Border Patrol Agent Julio Reyes from the Freer station responded by driving south on FM 2050 and stopping north of where a vehicle traveling on the ranch road would exit.

After stopping his car, Agent Julio Reyes noticed a white pickup truck traveling north on FM 2050. When Agent Julio Reyes turned to follow the vehicle, the driver pulled over and asked for directions. Agent Julio Reyes questioned the driver and searched the vehicle, but found nothing. Agent Julio Reyes notified Agent Ruben Reyes about the white pickup, told him he had inspected it and had found no violations.

At approximately 5:15 a.m., Agent Ruben Reyes saw a brown pickup truck traveling south on FM 2050 and contacted Agent Julio

_____

[2] FM 2050 connects U.S. Highway 59 with State Highway 359. U.S. Highway 59 connects Laredo, Texas, with Freer, Texas. State Highway 359 connects Laredo, Texas with Hebbronville, Texas.

Reyes to ask if he had seen it as well. Agent Julio Reyes said he had not seen any vehicle pass him except the brown pickup. Because the brown pickup had not passed Agent Julio Reyes, and there was no other road accessible to FM 2050, Agent Ruben Reyes concluded that it must have exited from the ranch road.

Agent Ruben Reyes also testified that there was no visible load in the brown pickup, but that the bed of the truck appeared to be riding lower than would be expected of an unloaded truck of that type. Agent Ruben Reyes testified that, because he did not recognize the brown pickup he checked the vehicle's registration and learned that it was not registered locally, but in Skidmore, Texas. Agent Ruben Reyes then stopped the driver, Mr. Delgado, and questioned him. While speaking with Mr. Delgado, Agent Ruben Reyes noticed an odor of marijuana in the pickup. He then searched the vehicle and found 1,194 pounds of marijuana and $4,980.

Both Agent Ruben Reyes and Agent Julio Reyes had worked for the Border Patrol agency for two years.

**Discussion**

Delgado argues the district court erred by denying his motion to suppress evidence seized in violation of the Fourth Amendment. He contends that Agent Ruben Reyes did not have reasonable suspicion of criminal activity sufficient to warrant the investigatory stop of his vehicle.

In reviewing the denial of a motion to suppress, this court examines a district court's factual findings for clear error, and its legal conclusions, including whether there was reasonable suspicion for a stop, *de novo*. *United States v. Jacquinot,* 258 F.3d 423, 427 (5th Cir. 2001). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party, which in this case is the government. *See id*.

A Border Patrol agent on a roving patrol may conduct a temporary investigatory stop of a vehicle if that agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity. *United States v. Brignoni-Ponce,* 422 U.S. 873, 884 (1975). This court examines the totality of circumstances surrounding the stop in evaluating whether reasonable suspicion exists. *United States v. Galvan-Torres*, 350 F.3d 456, 457 (5th Cir. 2003).

Relevant factors that may be used in assessing reasonable suspicion include: 1) the known characteristics of a particular area; 2) the proximity to the border; 3) usual patterns of traffic on the road; 4) previous experience with alien traffic; 5) information about recent illegal trafficking in aliens or drugs in the area; 6) the behavior of the driver; 7) the

appearance of the vehicle; and 8) the number, appearance, and behavior of the passengers. *Unites States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001) (citing *Brignoni-Ponce*, 422 U.S. at 884). When evaluating the characteristics of an area to determine reasonable suspicion, this court may consider whether a road is known for smuggling activity. *Jacquinot*, 258 F.3d at 428-29. A belief that two vehicles are traveling in tandem in a lead car and load car arrangement may also contribute to a finding of reasonable suspicion. *See United States v. Inocencio*, 40 F.3d 716, 720,723 (5th Cir. 1994)(two vehicles traveling closely together in a private ranch area with the first making frequent U-turns contributed to reasonable suspicion). An agent's inability to recognize a vehicle on a road that is generally only used by local residents may also indicate reasonable suspicion, as can the fact that the vehicle is traveling at an unusual time of day. *United States v. Villalobos*, 161 F.3d 285, 289 (5th Cir. 1998). A vehicle which appears to be heavily loaded may also contribute to a finding of reasonable suspicion. *United States v. Orozco*, 191 F.3d 578, 582 (5th Cir. 1999).

The district court concluded that the Border Patrol had reasonable suspicion to stop Mr. Delgado's vehicle. The order noted that the sensor triggered by the car was "put there precisely because [the ranch] road is known as a detour around

the checkpoints." The district court also noted that the agents had strong reason to believe Mr. Delgado's vehicle had triggered the sensors, the agents had experience with criminal activity, they knew his vehicle was not a local vehicle, and it was unusual for a vehicle to be traveling that early in the morning on that isolated road.

The transcript of the suppression hearing reveals no clear error by the district court in its findings of fact. Similarly, this court finds no error in the district court's legal conclusion that Agent Ruben Reyes had reasonable suspicion to warrant a stop of Mr. Delgado's vehicle.

Mr. Delgado asserts that the totality of the circumstances surrounding the stop was insufficient to warrant reasonable suspicion. Although there was nothing in Mr. Delgado's behavior that would have created suspicion, and the record did not establish Mr. Delgado's proximity to the border when he was stopped, the balance of the *Brignoni-Ponce* factors weighs in favor of a finding that there was reasonable suspicion to warrant a stop.

First, the known characteristics of the area in which Mr. Delgado was stopped contributed to a reasonable suspicion of criminal activity. Agent Ruben Reyes's knowledge of local roads, the location of the sensors, and Mr. Delgado's location gave Agent Ruben Reyes strong reason to believe Mr. Delgado had taken

the ranch road. Both agents testified that the Border Patrol had installed sensors on the ranch road because it was often used for smuggling illegal aliens and narcotics. The agents further testified that the ranch road was popular with smugglers because it allowed drivers to travel to northern Texas while avoiding Border Patrol checkpoints on Highway 59 and Highway 359. From this information Agent Ruben Reyes could have suspected criminal activity.

Second, the arresting officer, Agent Ruben Reyes, had experience with criminal activity, having worked for the Border Patrol for two years. Third, Agent Ruben Reyes could have suspected illegal activity when he heard Agent Julio Reyes report that he had just seen another pickup truck traveling in the same isolated area at that unusually early time. Agent Ruben Reyes's familiarity with criminal activity in the border area could have reasonably led him to infer that the white pickup truck was acting as a scout vehicle by driving ahead of the brown pickup truck to look for police officers.

Fourth, the ranch road was rarely used by any non-ranch vehicles and Mr. Delgado's truck was registered in Skidmore, Texas. Agent Ruben Reyes testified that he knew the vehicles connected with the local ranches by sight. Therefore, he could have found it suspicious that a vehicle from another part of Texas, with no connection to the local ranches, was using that

particular road.

Fifth, Mr. Delgado's truck appeared to be riding lower than would be expected of a truck without a visible load, suggesting a heavy hidden load. Agent Ruben Reyes testified that the appearance of the vehicle, in light of his past law enforcement experience with heavily loaded vehicles, led him to suspect that the vehicle might be transporting illegal aliens. Agent Ruben Reyes knew that Mr. Delgado's vehicle had most likely taken the isolated ranch road, that the ranch road was often used for smuggling illegal aliens, that the vehicle was not registered locally, that the vehicle appeared to be carrying a hidden load, and that it had been preceded by a possible scout vehicle. Considering Agent Ruben Reyes's background working for the Border Patrol, and the early hour of the stop, he could have reasonably suspected criminal activity.

This case is somewhat similar to, but distinguishable from, *United States v. Melendez-Gonzalez,*[3] in which this Court found no reasonable suspicion to warrant a stop. In *Melendez-Gonzalez*, Border Patrol agents in Marfa, Texas, were alerted that traffic had passed over a sensor located about 25 miles to the south at 4:57 a.m. Approximately 25 minutes later the agents saw two pickup trucks, driving within 50 yards of each other, enter Marfa. The first truck stopped in a parking lot while the second

---

[3] 727 F.2d 407 (5th Cir. 1987).

-8-

continued on. The agents stopped the second vehicle, which they testified appeared to be riding low. In *Melendez-Gonzales* this court concluded that it could not consider the evidence that the vehicle appeared to be riding low. However, more recently this court has explained that this factor may indeed be considered. *See United States v. Lopez-Gonzalez*, 916 F.2d 1011, 1015 (5th Cir. 1990)(noting error in this court's cases giving little weight or no weight to the fact that a vehicle was riding low or appeared to be heavily loaded); *see also United States v. Guerrero-Barajas*, 240 F.3d 428, 433 (5th Cir. 2001). Furthermore, there was no indication in *Melendez-Gonzales*, as there was in the present case, that the road was especially isolated or that it was generally only used to access private land. Finally, in *Melendez-Gonzales*, the Border Patrol agents did not know that the defendant's vehicle was not a local vehicle, as the agents did in the present case.

**Conclusion**

This court finds that Agent Ruben Reyes had reasonable suspicion of criminal activity to warrant a stop of Mr. Delgado's vehicle. The district court properly denied Mr. Delgado's motion to suppress, and we AFFIRM Mr. Delgado's conviction.
AFFIRMED.