IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2008

Charles R. Fulbruge III
Clerk

No. 08-50025
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID CORTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-318-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Cortez appeals the district court's denial of his motion to suppress evidence seized following a traffic stop. He argues that the officers' continued detention of him after the computer check and traffic stop were complete was unreasonable. He also argues that the collective knowledge doctrine does not apply to this case because prior to the traffic stop, the surveillance team had not communicated all of the information that they had to the officers who made the traffic stop.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Galvan-Torres, 350 F.3d 456, 457 (5th Cir. 2003). Factual findings are not clearly erroneous if they are plausible in light of the record as a whole. Id. The evidence should be viewed in the light most favorable to the prevailing party. Id.

Cortez has not shown that the district court erred in denying the motion to suppress. The evidence indicates that Detective Phillips communicated information to Officer Diaz which provided reasonable suspicion that Cortez was transporting a large quantity of drugs. The district court did not err in determining that the collective knowledge doctrine applied to the instant case. See United States v. Khanalizadeh, 493 F.3d 479, 483 (5th Cir.), cert. denied, 128 S. Ct. 679 (2007). The Government has not shown that the district court clearly erred in finding that the arresting officers did not learn that Cortez had a suspended license until an hour after he was arrested. See Galvan-Torres, 350 F.3d at 457. A review of the totality of the evidence, including the collective knowledge and experience of all of the officers involved, indicates that the arresting officers received reliable information from other officers who had reasonable suspicion to believe that the vehicle contained drugs. See Khanalizadeh, 493 F.3d at 483; cf. United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000). Based on this reasonable suspicion, the detention of Cortez while the officers waited for the canine unit to arrive was reasonable. See United States v. Gonzalez, 328 F.3d 755, 758-59 (5th Cir. 2003). The canine search was not a search under the Fourth Amendment. See United States v. Ibarra, 493 F.3d 526, 531 (5th Cir. 2007). Once the dog alerted, the officers had probable cause to search the vehicle. See United States v. Dortch, 199 F.3d 193, 197 (5th Cir. 1999), opinion corrected on other grounds on denial of reh'g, 203 F.3d 883 (5th Cir. 2000). Therefore, the district court did not err in denying Cortez's motion to suppress. See Khanalizadeh, 493 F.3d at 483.

AFFIRMED.