# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO RODRIGUEZ JR., also known as Ricardo Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-207-1

Before DeMOSS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Rodriguez, Jr., was convicted, pursuant to his conditional guilty plea, of one count of transporting an undocumented alien for the purpose of commercial advantage or private financial gain within the United States by means of a motor vehicle. He appeals the denial of his motion to suppress, contending that a Border Patrol agent illegally stopped his vehicle. He argues that the facts supporting the stop lack the specificity and particularity required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41206

under the Fourth Amendment, and he also asserts that the record does not provide evidence of factors that are important in assessing whether there is reasonable suspicion to justify a stop.

When reviewing a district court's denial of a motion to suppress, we review factual findings for clear error, while legal conclusions are reviewed de novo. *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009). The constitutionality of the stop, including whether there was reasonable suspicion, is reviewed de novo. *United States v. Neufeld-Neufeld*, 338 F.3d 374, 378 (5th Cir. 2003). In the context of a roving Border Patrol stop, we look to the totality of the circumstances, including the familiar factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-86 (1975). *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001) (per curiam).

The stop occurred on Farm-to-Market Road 2050 (FM 2050), within 50 miles of the Mexican border. The proximity factor of *Brignoni-Ponce* is therefore satisfied. *See United States v. Zapata-Ibarra*, 212 F.3d 877, 881 (5th Cir. 2000); *United States v. Canales*, No. 94-60739, 1995 WL 450255, at *3 (5th Cir. July 7, 1995) (unpublished). As we have previously noted, and as shown by evidence presented at the suppression hearing, FM 2050 is "a known alternative route of drug and alien smugglers seeking to avoid nearby Border Patrol checkpoints," and it is not well traveled. *United States v. De Leon-Reyna*, 930 F.2d 396, 397 & n.1 (5th Cir. 1991) (en banc) (per curiam). "It is well established that a road's reputation as a smuggling route *adds* to the reasonableness of [an agent's] suspicion." *Jacquinot*, 258 F.3d at 429 (internal quotation marks and citation omitted).

The agent, who had over six years of experience with the Border Patrol, determined that the rented Chevrolet Malibu vehicle driven by Rodriguez, which was not typical of vehicles that utilize FM 2050, was traveling in tandem

with another vehicle. "Although observation of two cars in proximity on a sparsely traveled road does not itself justify a stop, it may raise an agent's suspicions." *United States v. Villalobos*, 161 F.3d 285, 290 (5th Cir. 1998). We have "given weight to an agent's observation that a vehicle's appearance was atypical of vehicles in the particular area in question." *United States v. Nichols*, 142 F.3d 857, 871 (5th Cir. 1998). Further, before making the stop the agent knew that the vehicles that were traveling together were not registered in a nearby town, and he reasonably found it suspicious that vehicles with no connection to the local area were using FM 2050. *See United States v. Lujan-Miranda,* 535 F.2d 327, 329 (5th Cir. 1976); *see also United States v. Delgado*, 99 F. App'x 493, 496 (5th Cir. 2004) (per curiam) (unpublished). The agent's suspicions were also raised by the fact that there had been recent alien smuggling activity in the area. *See Jacquinot*, 258 F.3d at 427-29.

"Not every *Brignoni–Ponce* factor need weigh in favor of reasonable suspicion for it to be present, nor does the Fourth Amendment require the law enforcement officer eliminate all reasonable possibility of innocent travel before conducting an investigatory stop." *Zapata-Ibarra*, 212 F.3d at 884. Analyzing the factors as a collective whole, *Neufeld-Neufeld*, 338 F.3d at 379, we are satisfied that the agent had reasonable suspicion to stop Rodriguez's vehicle.

AFFIRMED.