# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH LEE EBROM, also known as Kenneth Ebrom, also known as Kenneth L. Ebrom,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-386-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kenneth Lee Ebrom pleaded guilty to trafficking in methamphetamine and a related firearm crime. In his plea agreement, he reserved the right to challenge the denial of a motion to suppress evidence found in his hotel room. After a hearing at which Ebrom and police officers testified, the district court found that Ebrom consented to the officers' entry into the hotel room to look

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for another person, and that the officers saw incriminating evidence in plain view that led to the issuance of a valid search warrant that uncovered more incriminating evidence.

We review the district court's legal conclusions de novo and its factual findings, including its credibility assessments, for clear error. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Galvan-Torres*, 350 F.3d 456, 457 (5th Cir. 2003). The evidence is viewed in the light most favorable to the Government as the prevailing party. *See id.* Because the district court's decision was based on the live testimony of witnesses, "the clearly erroneous standard is particularly strong." *Santiago*, 410 F.3d at 197.

Ebrom first asserts that it was "entirely unreasonable" for the police even to come to his hotel room door "because officers had no reasonable basis to investigate" any activities in that room. Ebrom did not raise this suppression issue in the district court. Accordingly, he has waived it. *See United States v. Pope*, 467 F.3d 912, 918-19 & n.16 (5th Cir. 2006); *United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983).

In addition, Ebrom contends that he did not consent to the police entering his room. He argues that the district court should have believed his evidence rather than the police officers' testimony, and he challenges the district court's conjecture that he consented because he was affected by recent drug use and that an affidavit from his female companion was favorable to him only because she feared him due to his prior conviction for family violence. The court's remarks do not undermine its assessment of the credibility of the police officers, which is entitled to "particularly strong" deference. *Santiago*, 410 F.3d at 197. Consequently, the district court committed no clear error because its

No. 17-50467

finding of consent is plausible when the evidence as a whole is viewed in the light most favorable to the Government. *See Galvan-Torres*, 350 F.3d at 457.

The judgment is AFFIRMED.